IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAT WRIGHT and STEVEN WRIGHT, as parents
and next friends of BUDDY AND TINA WRIGHT,

        Plaintiffs,

v.                                                            CIV 02-1237 KBM/LCS

COUNTY OF LEA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING SUMMARY JUDGMENT
## AND BIFURCATING TRIAL

      This matter is before the Court on the following pending motions filed by Defendants Morehouse, Turpin, Boughton and Short: Motion for Summary Judgment *(Doc. 56)* (on legal grounds); Motion for Summary Judgment *(Doc. 73)* (on substantive grounds); and Motion to Exclude Evidence or to Bifurcate the Trial of the Claims against These Defendants from Those of the Other Defendants *(Doc. 63)*.[1] Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. Having reviewed the motions, the memoranda and evidence submitted by the parties, and the relevant authorities, the Court finds that only the Section 1981 claim survives for jury trial which will be bifurcated as requested.

      Plaintiffs' children, Buddy and Tina Wright, entered a fiddling competition at the 2001 Lea County Fair. Defendants Morehouse, Turpin and Boughton served as the contest judges and Defendant Short served as the master of ceremonies ("emcee"). Plaintiffs allege that based upon

---

[1] The Lea County Defendants have moved to extend their motions deadline permit them to join in the above referenced motions. *Doc. 88*, filed January 13, 2004. Because it appears that the motion may be opposed, it is not ripe for ruling.

their race the children were treated rudely, unfairly and differently in the competition and that the contest rules were applied in a disparate manner resulting in denial of awards that they should have received. The Complaint alleges three theories for relief: 42 U.S.C. § 2000a, 42 U.S.C. § 1981, and the New Mexico Tort Claims Act pursuant to the waiver of immunity for operation and maintenance of public buildings and parks set forth in N.M. STAT. ANN. § 41-4-6. The defendant judges and emcee deny any discriminatory treatment and assert that the Wright children failed to properly follow the rules of the competition.

## I. Summary Judgment Standard

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.". . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## II. Motion for Summary Judgment *( Based on Legal Grounds)*

### A. Section 2000a Provides No Relief

Plaintiffs seek money damages which are not available for a claim brought pursuant to the

Public Accommodation Act, 42 U.S.C. § 2000a *et seq*. *See Adickes v. S.H. Kress &Co.*, 398 U.S. 144, 150 n.5 (1970) ("the injunction remedy of Section 206 was the exclusive means of enforcing the rights based on this title."). Moreover, I am unpersuaded by Plaintiffs' arguments that this case presents one of those "unique" cases in which declaratory relief is available. Also, I agree with Defendants that the conduct sought to be enjoined has already occurred, and Plaintiffs fail to demonstrate a live controversy for which injunctive relief could provide a remedy. Plaintiffs' arguments to the contrary are unpersuasive. For these reasons, the Section 2000a claim will be dismissed with prejudice.

### B. Sovereign Immunity has not been Waived under the Tort Claims Act

Plaintiffs attempt to characterize their allegations as sufficiently similar to those cases in which the State of New Mexico has been found to waive immunity for torts associated with the state's maintenance and operation of a building. For instance, they contend that the alleged actions by the contest judges and emcee are analogous to a "dangerous condition" on public property under the control of defendants. Such a broad reading of the waiver set forth in N.M. STAT. ANN. § 41-4-6 would be tantamount to finding that the provision waives immunity for any intentional tort committed by a state employee on public property regardless of a showing that it involved any maintenance or operation of a public building. For all of the reasons set forth in Defendants' briefs, the state tort claims set forth in Count III will be dismissed with prejudice.

### C. Section 1981 Action is Viable under the Alleged Facts

Defendants contend that Plaintiffs are trying to perform an "end run" around the limitations on remedies available under Section 2000a by bringing this Section 1981. I disagree, because Plaintiffs' Section 1981 claim is more specific and contractually based. Plaintiffs paid a fee to participate in the fiddling contest. Implicitly included within the terms of the contract was a

promise that the contest would be conducted in conformance with the rules. In essence, Plaintiffs contend that they were denied the benefit of that contractual bargain when the rules were allegedly applied disparately on the basis of race. I find that these more specific contractual allegations are not subsumed within the Public Accommodations Act and provide a separate avenue of relief. The Section 1981 claim will not be dismissed on this basis.

### III. Motion for Summary Judgment on the Issue of Racial Animus

Simply put, having reviewed the exhibits submitted by the parties, and viewing them in the light most favorable to the non-moving parties, material issues of fact are in dispute which preclude the entry of summary judgment on the claim brought pursuant to 42 U.S.C. § 1981. Section 1981 provides all persons with the right to "'make and enforce contracts' [which] includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* That right cannot be denied on the basis of a racial animus.

I am aware that the expert's opinion strongly supports Defendants' version of events that their actions were not the result of racial discrimination. On a motion for summary judgment, however, I cannot weigh all of the evidence before me – that is within the province of the jury. Plaintiffs have submitted the score sheet for a non-black contestant who received a high score for playing the same song Defendants contend Buddy Wright improperly played. Thus, I conclude that Plaintiffs have met their burden of producing some evidence from which a reasonable juror could conclude by a preponderance of the evidence that the reasons offered by the contest judges and emcee for their actions were a pretext for discriminatory animus.

### IV. Motion to Exclude Evidence or Bifurcate Claims at Trial

Shortly after the contest, the Lea County Fair voted to send a letter of apology to

Plaintiffs.  *Exh. 1*.  The judges and emcee seek to exclude the apology letter which was authored by Board Chairman Hollis Cox on the grounds that it constitutes inadmissible hearsay as to them and would be unduly prejudicial under FED. R. EVID. 403.  Having examined the letter carefully, I agree with both contentions.  Moreover, I am unconvinced by Plaintiffs' assertion that the jury could "no doubt be sophisticated enough to avoid confusion and prejudice associated with the letter if in fact Defendants can provide evidence that the letter contains erroneous information." *Doc. 76* at 3.

Even if the letter is inadmissible as to the defendant judges and emcee, however, it may be admissible as to the County defendants as perhaps an admission by a party opponent or on other grounds and be relevant to the claims against them.  The judge and emcee defendants propose that in the alternative to excluding the letter, the trial be bifurcated as follows:

> The same jury will decide the issues with respect to both sets of defendants.  The liability of these defendants could be tried and decided first.  After a determination of liability of these defendants is made, the same jury could then hear evidence relating to the liability of the Lea County Defendants, and, any necessary damages' evidence.  In this way, there would be no "spill-over" effect of evidence admissible only against the Lea County Defendants and Defendants Morehouse, Turpin, Boughton and Short would not be unfairly prejudiced by the September 5 letter or other post-contest actions by the Lea County Fair Board.

*Doc. 79* at 11.  In this way, the Court can make sure that all Defendants receive a fair trial while attempting to conserve the parties' and judicial resources.  Therefore, I will bifurcate the trial as suggested.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1)  The Motion for Summary Judgment filed by Defendants Morehouse, Turpin, Boughton and Short *(Doc. 56)* is **granted in part.**  The First Cause of Action (Section 2000a) and Third Cause of Action (State Torts) will be dismissed with prejudice as to these defendants. In all other respects the motion is denied;

(2)   The Motion for Summary Judgment (on substantive grounds) filed by Defendants Morehouse, Turpin, Boughton and Short *(Doc. 73)* is **denied**; and

(3)  The Motion to Exclude Evidence or to Bifurcate the Trial of the Claims against These Defendants from Those of the Other Defendants *(Doc. 63)* is **granted**; the trial will be bifurcated as described herein.

                                                             *[signature: Karen B Molzen]*
                                                             **UNITED STATES MAGISTRATE JUDGE**